**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| NARINDER SINGH, | No. 18-72135 |
| Petitioner, | Agency No. A206-086-386 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 19, 2020**
San Francisco, California

Before: NGUYEN, HURWITZ, and BRESS, Circuit Judges.

Narinder Singh, a citizen of India, seeks review of a Board of Immigration

Appeals (BIA) decision dismissing his appeal of an Immigration Judge (IJ) order

denying his requests for asylum, withholding of removal, and relief under the

Convention Against Torture (CAT). We review for substantial evidence and may

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

grant relief only if the facts compel a contrary conclusion. *Yali Wang v. Sessions*, 861 F.3d 1003, 1007 (9th Cir. 2017). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

1. Substantial evidence supports the denial of asylum. The IJ reasonably determined that the attacks and threats Singh experienced, while unfortunate, do not rise to the level of past persecution. Persecution is an "extreme concept" that "does not include every sort of treatment our society regards as offensive." *Gu v. Gonzales*, 454 F.3d 1014, 1019 (9th Cir. 2006) (quotations omitted). Because Singh's two incidents, which were over a year apart, did not require significant medical attention, did not cause serious or permanent injury, and did not involve detention, the evidence does not compel a finding of past persecution. *See id.* at 1020 (holding that substantial evidence supported the determination that harm toward petitioner did not compel a finding of persecution); *Hoxha v. Ashcroft*, 319 F.3d 1179, 1182 (9th Cir. 2003) (same). Singh also errs in claiming that the IJ did not properly consider the threats made against him in evaluating past persecution. The IJ considered those threats but found that Singh had not proven that the threats led to harm.

Because the IJ reasonably concluded that Singh did not show past persecution, Singh is not entitled to a presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(l). The IJ permissibly found that the events after Singh left India do not "support a reasonable fear of persecution." *Silva v. Barr*, 965 F.3d

724, 737 (9th Cir. 2020). As the IJ noted, neither the Badal Party nor the police persecuted Singh while he lived in India. Based on record evidence in this case, including the country condition reports, the IJ could also reasonably rely on Singh's lesser role in the Mann Party in concluding Singh had not established a well-founded fear of future persecution. *See Singh v. Holder*, 753 F.3d 826, 834–35 (9th Cir. 2014).

2. To obtain withholding of removal under 8 U.S.C. § 1231(b)(3), Singh must prove that he will "more likely than not" suffer persecution in the country of removal. 8 C.F.R. § 208.16(b)(2). Because Singh failed to satisfy the lower standard of proof for asylum, he fails to satisfy the higher standard for withholding of removal. *Pedro-Mateo v. INS*, 224 F.3d 1147, 1150 (9th Cir. 2000).

3. Substantial evidence supports the denial of CAT relief. To obtain CAT relief, Singh must prove that government officials or private actors with government acquiescence would "'more likely than not'" torture Singh if he were returned to India. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1033 (9th Cir. 2014) (quoting 8 C.F.R. § 208.16(c)(2)). The IJ reasonably concluded that the past attacks against Singh, which did not rise to the level of persecution, also did not rise to the level of torture. *See Nuru v. Gonzales*, 404 F.3d 1207, 1224 (9th Cir. 2005) (noting that "torture is more severe than persecution"). Nor has Singh brought forward evidence that would compel the conclusion that the Indian government or private actors with

3

government acquiescence would torture Singh.  *Garcia-Milian*, 755 F.3d at 1033.

**PETITION DENIED.**